# Baird v. First Pennsylvania Bank, N. A. (No. 1)

*A. Charles Peruto,* for plaintiffs.
*Myron H. Deutsch,* for defendants.

BRADLEY, *P. J.,* October 22, 1976 — Plaintiffs have filed a complaint in this action seeking damages and equitable relief for consequences arising out of defendant bank's failure to comply with a mortgage contract in connection with individual plaintiffs' intended purchase of certain real property. Defendants have filed preliminary objections raising five specific issues.

Defendants first argue that plaintiffs have not alleged facts sufficient to permit them to maintain an action in equity. Defendants want the court to certify the action to the law side.

The court does not reach defendants' objection because it finds that plaintiffs have failed to comply with Pa.R.C.P. 1021. This rule requires that "Any pleading demanding relief shall specify the relief to which the party deems himself entitled." While it is sometimes difficult to anticipate exactly what relief will ultimately be deemed appropriate in an equity action, a party does not satisfy Rule 1021 by merely requesting "such other equitable relief as the Court deems appropriate," as plaintiffs have alleged in their complaint. Accordingly, the court will grant plaintiffs 20 days in which to file an amended complaint or the action will be certified to the law side.

Defendants next demur to counts III and IV of the complaint as to the action by plaintiff Baird-

Carroll, Inc. only. Defendants assert that there was no privity of contract between them and plaintiff corporation and, therefore, plaintiff corporation has no cause of action in contract against them.

The court finds the allegations in the complaint are sufficient to avoid a demurrer. These allegations tend to show the existence of a third-party beneficiary contract in which corporate plaintiff was the beneficiary of a promise by defendants to loan money to individual plaintiffs. Under such circumstances, corporate plaintiff may maintain an action against defendant promisors for breach of promise. See A.L.I. Restatement Contracts §133, et seq.

Defendants' third objection raises two separate points under the heading "misjoinder of causes of action." Neither of these points has any merit and the court, accordingly, denies defendants' third objection.

Fourth, defendants object to the complaint on the ground that it was not verified by an officer of corporate plaintiff. Pa.R.C.P. 1024(c) requires verification of the facts alleged in a pleading "by *one or more* of the parties filing the pleading." (Emphasis supplied.) One of the parties filing the complaint, John B. Baird, verified the facts that were alleged therein. Accordingly, there was no requirement for verification by corporate plaintiff. Defendants' fourth objection is denied.

Defendants finally asked the court to strike those portions of the second count of the complaint which seek punitive damages. While defendants are correct in pointing out that punitive damages are not available in contract actions, the second count in the complaint contains allegations which sound in tort rather than in contract. Rule 1020 not only permits, but requires joinder of causes of action in

trespass and assumpsit arising out of the same transaction. Although plaintiffs may not have complied with the formal requirements of Rule 1020(d)(1), the court will not dismiss plaintiffs' cause of action in tort. Plaintiffs may amend their complaint to conform to Rule 1020(d)(1).

It is, therefore, ordered that plaintiffs, John B. Baird and Catherine A. Baird, his wife, and Baird-Carroll, Inc., t/a Fisher Trucking Company, are ordered to file an amended complaint within 20 days of receipt of this order or their complaint will be certified to the law side.